**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **JAYSON LEE,** | |
|     **Petitioner,** | **Civil Action No. 7:12-cv-00077** |
| | |
| **v.** | **MEMORANDUM OPINION** |
| | |
| **WARDEN ZYCH,** | **By:   Hon. Michael F. Urbanski** |
|     **Respondent.** | **      United States District Judge** |

Jayson Lee, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that the sentences imposed by the United States District Court for the Eastern District of Louisiana are unconstitutional. Petitioner is presently confined at a correctional facility within this district. This matter is before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, I conclude that petitioner fails to demonstrate an entitlement to relief via § 2241, and I dismiss the petition without prejudice.

I.

On March 1, 1999, petitioner was charged with multiple counts of conspiring to commit carjacking, carjacking, conspiring to use or brandish firearms during crimes of violence, using or brandishing a firearm during a crime of violence, and being a felon in possession of a firearm, all in violation of federal law. A jury found petitioner guilty of all counts for which he was charged. On February 8, 2006, the United States District Court for the Eastern District of Louisiana sentenced petitioner to, inter alia, 835 months' imprisonment. Part of this sentence included an 84 month consecutive sentence for brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (2). The Court of Appeals for the Fifth Circuit affirmed petitioner's

convictions, and the Supreme Court of the United States denied his petition for a writ of certiorari on October 9, 2007.

In December 2007, petitioner signed and filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The United States District Court for the Eastern District of Louisiana denied the motion, and the Court of Appeals for the Fifth Circuit dismissed his appeal in February 2010.

Petitioner instituted this § 2241 habeas action in February 2012 to challenge his mandatory minimum, 84 month consecutive sentence for brandishing a firearm during a carjacking.  Petitioner relies on Abbott v. United States, ___ U.S. ___, 131 S. Ct. 18 (2010), to argue that he is "actually innocent" of the 84 month consecutive sentence because he received a greater sentence of 151 months for carjacking.  Petitioner asks the court to vacate the 84 month consecutive sentence.  Thus, petitioner attacks the legality, rather than the execution, of his sentence.

II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."  28 U.S.C. § 2255(h); Swain v. Pressley, 430 U.S. 372, 381 (1977).   A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective."  In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a prisoner satisfies a three-part standard by showing that:

2

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner may not challenge his imposed federal sentence via § 2241.  Petitioner fails to explain how a change in substantive law made it legal to commit carjackings, brandish a firearm, and be a felon in possession of a firearm.[1]  Petitioner cannot rely on § 2241 to prove "actual innocence" of a sentencing calculation.  See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("[A]ctual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of [§ 2255's] savings clause to those petitioners challenging only their sentence.").  The fact that a new § 2255 motion would be time barred or that petitioner already filed a § 2255 motion does not make § 2255 review "inadequate" or "ineffective."  Furthermore, Abbott v. United States directly refutes petitioner's claim.  Abbott held that "a defendant is subject to a mandatory, consecutive sentence

---

[1]     New substantive rules include decisions that narrow the scope of a criminal statute by holding that the statute does not reach certain conduct and decisions that place particular people or conduct covered by the statute beyond the government's constitutional power to punish.  Bousley v. United States, 523 U.S. 614, 620 (1998); Schiro v. Summerlin, 542 U.S. 348, 352 (2004).  See United States v. Thomas, 627 F.3d 534 (4th Cir. 2010) (recognizing that a rule is substantive, rather than procedural, if it alters the range of conduct or the class of persons that the law punishes).  See also Bailey v. United States, 516 U.S. 137 (1998) (narrowing the scope of "use" in 18 U.S.C. § 924(c)(1) to exclude conduct previously held as criminal announced a new substantive rule that applied retroactively); Begay v. United States, 553 U.S. 137 (2008) (narrowing the construction of "violent felony" in 18 U.S.C. § 924(e) to be violent, purposeful, and aggressive announced a new substantive rule).

New procedural rules that are established after a conviction becomes final generally do not apply on collateral review.  Teague v. Lane, 489 U.S. 288, 310 (1989).  New procedural rules generally do not retroactively apply because "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise."  Schiro, 542 U.S. at 352.

for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher

mandatory minimum on a different count of conviction."  131 S. Ct. at 23.  Accordingly,

petitioner fails to meet the <u>In re Jones</u> standard to show that § 2255 is inadequate or ineffective to

test the legality of his conviction, his claims cannot be addressed under § 2241, and this petition

must be dismissed.[2]

III.

In conclusion, I dismiss the § 2241 petition without prejudice because petitioner fails to

demonstrate that he is entitled to relief.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying

Order to petitioner.

Entered:  February 22, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[2]    The court declines to construe petitioner's § 2241 petition as a § 2255 motion.  First, § 2255 motions must be
brought in the court which imposed the sentence.  Second, petitioner already filed a § 2255 motion to challenge his
convictions.  Transferring a clearly successive § 2255 motion to the sentencing court does not further the interests of
justice or judicial economy.